Michael Johnson, William Murray, Howard Cook, and Roderick Scott, individually and as members of the City Council of the City of Fairfield ("the City Council"), appeal from a preliminary injunction issued by the Jefferson Circuit Court, Bessemer Division, prohibiting them from interfering with the authority of Mayor Charles Willis, the mayor of the City of Fairfield, to appoint or remove employees of the City. After the notice of appeal was filed as to the preliminary injunction, the trial court entered an order purporting to make the injunction permanent. Because we conclude that the trial court lacked jurisdiction to enter this order after the notice of appeal was filed with this Court, the permanent injunction is void. Therefore, only the propriety of the initial preliminary injunction is before us. We reverse and remand.
 Facts
On November 2, 1992, the City Council adopted Ordinance No. 874, which provided for the appointment of municipal employees by the mayor of the City of Fairfield. The ordinance states, in pertinent part:
 "The appointing authority of the City shall be the Mayor of the City of Fairfield, who shall exercise said authority with the advice and consent of the Fairfield City Council as provided in Section 11-43-81, Code of Alabama. . . . .
". . . .
 "(c) Any officer or employee of the city may be appointed and or removed by the appointing authority herein. Provided however, that said appointment or removal shall not become effective until approved by a majority of the city council."
Ordinance No. 874 gives the mayor of the City of Fairfield the authority to appoint and to remove municipal employees with the advice and consent of the City Council. Testimony at the hearing on the preliminary injunction revealed that on several occasions department heads had been hired, fired, and disciplined pursuant to Ordinance No. 874.
On May 2, 2003, the City Council held a specially called meeting, at which it adopted a resolution pursuant to the authority granted it by § 11-43-42(a), Ala. Code 1975, and by Ordinance No. 874. The resolution enabled the president of the City Council to assume the function of the mayor and to place Betty Gamble, chief of police, on administrative leave with pay, pending the resolution of an investigation by the City Council into the operation and administration of the Fairfield Police Department. The City Council had recommended to Mayor Willis that Chief Gamble *Page 1140 
be suspended for five days, with pay, based on alleged "morale problems" within the police department. Initially, Mayor Willis agreed to the suspension. However, Mayor Willis testified that when he did not find a sufficient basis on which to continue the suspension, he reinstated Chief Gamble, without consulting the City Council. The City Council then passed the resolution giving the president of the City Council the authority to discipline Chief Gamble.
On May 6, 2003, Mayor Willis filed a complaint for a declaratory judgment and for injunctive relief in the Jefferson Circuit Court, Bessemer Division. The complaint was supported by the sworn affidavits of Chief Gamble and Mayor Willis. The complaint alleged that the City Council had acted illegally when it passed the resolution giving the president of the City Council the authority to suspend Chief Gamble, after Mayor Willis, finding no reason to continue the initial suspension, had reinstated her.
Also, on May 6, 2003, the trial court held a hearing and issued a temporary restraining order prohibiting the City Council from interfering with the operations of the police department and allowing Chief Gamble to return to work. Two of the four individual defendants and counsel for the City of Fairfield appeared at the hearing. The trial court entered a written order on May 12, 2003. On May 9, 2003, after the City Council filed a motion for a continuance, the court, pursuant to Rule 53, Ala.R.Civ.P., assigned the cause to a special master, who conducted the subsequent proceedings on the matter of the preliminary injunction.
On June 26, 2003, the special master presided over the hearing on the preliminary injunction, and testimony was taken before a court reporter. During the hearing, the trial judge appeared and ordered the clerk of the City of Fairfield to execute a bond for the restraining order. On June 27, 2003, the temporary restraining order was extended for an additional 10 days. On July 1, 2003, the special master filed his report; that report recommended that a preliminary injunction be issued prohibiting the City Council from interfering with Mayor Willis's authority over the police department and allowing Chief Gamble to return to work. On July 10, 2003, the City Council filed a motion to stay the injunction pending appeal and a motion to set aside the special master's report. On July 15, 2003, Mayor Willis filed a motion for a final order and for the entry of a permanent injunction. On July 18, 2003, the City Council filed its notice of appeal with this Court.
Subsequently, on July 29, 2003, the trial court entered an order purporting to deny the City Council's motion to set aside the report of the special master and its motion to stay the preliminary injunction pending appeal. The trial court purported to grant the Mayor's motion for a final order and for a permanent injunction, and the trial court adopted the report of the special master without conducting a hearing.
Finally, on July 31, 2003, the City Council filed motions in this Court seeking to vacate the trial court's July 29, 2003, order and to stay the preliminary injunction pending appeal. The City Council also filed a motion seeking the recusal of the trial judge. This Court denied all three motions on September 25, 2003.
 Standard of Review
We review a preliminary injunction to determine whether the trial court exceeded its discretion in granting the injunction. "[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court."Teleprompter of Mobile, Inc. v. Bayou Cable *Page 1141 TV, 428 So.2d 17, 19 (Ala. 1983).[1] Moreover, if it cannot be shown that the trial court exceeded its discretion in either granting or refusing to grant a preliminary injunction, the court's "action will not be disturbed on appeal." 428 So.2d at 19. A trial court exceeds its discretion when it "exceed[s] the bounds of reason, all the circumstances before the lower court being considered." Valley Heating, Cooling, Elec. Co. v.Alabama Gas Corp., 286 Ala. 79, 82, 237 So.2d 470, 472 (1970).
 Issues and Analysis
The City Council raises five issues in this appeal. First, the City Council claims there was insufficient evidence to justify the entry of the preliminary injunction. Second, the City Council contends that the entry of a permanent injunction was improper after the notice of appeal appealing the preliminary injunction to this Court was filed. Third, the Council alleges that the manner in which the bond was posted violated Rule 65(c), Ala.R.Civ.P. Fourth, the City Council asserts that the trial judge should recuse himself from any further proceedings in this matter. Finally, the City Council contends that the entire proceeding was so improper as to constitute a violation of due process.
We first address the City Council's argument that the permanent injunction was improper because it was entered after the notice of appeal was filed. Alabama law is clear that "[j]urisdiction of a case can be in only one court at a time." Ex parte State exrel. O.E.G., 770 So.2d 1087, 1089 (Ala. 2000). Furthermore, "while an appeal is pending, the trial court `can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.'"Reynolds v. Colonial Bank, 874 So.2d 497, 503 (Ala. 2003) (quoting Foster v. Greer Sons, Inc., 446 So.2d 605, 608 (Ala. 1984)). The above analysis applies to the argument before us. The City Council filed its notice of appeal on July 18, 2003, after the preliminary injunction was issued. On July 29, 2003, while the appeal was pending in this Court, the trial court purported to enter a permanent injunction. The trial court was clearly without jurisdiction to make the injunction permanent. Therefore, because the appeal was pending when the trial court entered the order purportedly granting the permanent injunction, the permanent injunction is void.
Next, we must address a procedural issue regarding the court's adoption of the special master's report, which is the focus of the due-process claim raised by the City Council. Rule 53, Ala.R.Civ.P., governs the appointment, function, and reports of special masters. Specifically, the last sentence of Rule 53(e)(2) states: "The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (Emphasis added.) The rule is clear that the court may adopt or reject the special master's report only after a hearing is held regarding the matter. There is no evidence in the record before us indicating that the court held a hearing before it adopted the report. The special master submitted his report to the court after the June 26, 2003, hearing on the preliminary injunction. The court adopted the report on July 29, 2003, apparently without holding a hearing on the report. Because the court did not follow the appropriate procedure for adopting a special master's report, *Page 1142 
we reverse the circuit court's order entering the preliminary injunction.
Because we reverse the trial court's judgment and remand the case for further proceedings on a procedural due-process ground, we will not address the other issues raised by the City Council.
 Conclusion
The circuit court was without jurisdiction to enter the permanent injunction in favor of Mayor Willis; that injunction is void. The circuit court's order issuing a preliminary injunction is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, and HARWOOD, JJ., concur.
SEE, LYONS, and WOODALL, JJ., concur in the result.
[1] The standard of review regarding a permanent injunction differs from the standard applied to review a preliminary injunction. "[A] permanent injunction is reviewed de novo." TFT,Inc. v. Warning Sys., Inc., 751 So.2d 1238, 1241 (Ala. 1999).