Page P. Hannah ("the former wife") appeals from a judgment entered by the Marshall Circuit Court terminating the obligation of John A. Hannah ("the former husband") to pay alimony to the former wife. We reverse the trial court's judgment and remand the cause with instructions.
The parties were divorced in February 1997 by the Norfolk Probate and Family Court in Massachusetts. The parties entered into an agreement at that time; that agreement addressed custody, child support, alimony, and a property division and settlement.
On December 13, 2005, the former husband filed a petition to modify his alimony obligation in the Marshall Circuit Court. The former wife filed an answer to the petition to modify on January 17, 2006. After a pendente lite hearing, Judge Tim Jolley issued an order in which he determined that there had been a material change in circumstances that justified suspending the former husband's periodic-alimony obligation. In his order, Judge Jolley noted that the provisions of the order were temporary in nature and specifically reserved jurisdiction to set aside the order and to reinstate the periodic-alimony obligation.
On March 30, 2006, Judge Jolley recused himself and the case was transferred to Judge Howard Hawk. On November 30, 2006, the trial court entered a judgment terminating the former husband's alimony obligation. The former wife filed a motion to alter or amend the judgment on December 22, 2006. A hearing was held on the former wife's motion on February 7, 2007, after which the motion was denied. The former wife appeals.
 Discussion
The former wife first argues that the trial court did not have subject-matter jurisdiction to modify the Massachusetts court's divorce judgment because, she says, the Massachusetts court's judgment was not before the trial court as evidence. Neither in her argument on appeal nor in her arguments made to the trial court did the former wife raise any of the provisions of the Uniform Interstate Family Support Act, as adopted by either Massachusetts or Alabama, which speaks to jurisdiction with regard to spousal-support orders. Massachusetts Gen. Laws Ann. ch. 209D, § 2-205(f) (West 1998), states:
 "A tribunal of the commonwealth issuing a support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of the commonwealth may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state."
Alabama law recognizes the right of the Massachusetts court, under the facts of this case, to retain jurisdiction to modify the spousal-support provisions of the parties' *Page 459 
divorce judgment in Ala. Code 1975, § 30-3A-206(c): "A court of this state which lacks continuing, exclusive jurisdiction over a spousal-support order may not serve as a responding court to modify a spousal support-order of another state."
Although the former wife failed to raise these statutes in her arguments, "subject-matter jurisdiction may not be waived."C.J.L. v. M.W.B., 868 So.2d 451, 453
(Ala.Civ.App. 2003). "Jurisdictional matters are of such importance that a court may take notice of them ex meromotu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397
(Ala.Civ.App. 2004). Because the Massachusetts court possessed continuing, exclusive jurisdiction of the matter of spousal support in this case, and because Alabama recognizes that continuing, exclusive jurisdiction, the trial court in this case did not have subject-matter jurisdiction to modify the Massachusetts court's judgment.
Alabama Code 1975, § 30-3A-206, does, however, appear to confer on the trial court subject-matter jurisdiction over this case in another capacity. Section 30-3A-206(a) provides that "[a] court of this state may serve as an initiating court to request a tribunal of another state to enforce or modify a support order issued in that state." Thus, the trial court in this case has jurisdiction to request the Massachusetts court that entered the spousal-support order — and has continuing, exclusive jurisdiction over that order — to enforce or modify the order.
Because the trial court lacked jurisdiction to modify the Massachusetts court's spousal-support order, its order purporting to terminate the former husband's alimony obligation is void. See Langham v. Wampol, 902 So.2d 58, 63
(Ala.Civ.App. 2004). `"A void judgment will not support an appeal'" Langham, 902 So.2d at 63 (quoting Moore v.John Hancock Life Ins. Co., 876 So.2d 443, 448 (Ala. 2003)). Because the trial court has jurisdiction to request a modification of the spousal-support order from the Massachusetts court, however, we decline to dismiss this appeal. Rather, based on the foregoing, we reverse the trial court's judgment terminating the former husband's alimony obligation and remand this cause to the trial court, with instructions that it either dismiss the cause for lack of subject-matter jurisdiction or initiate a request for modification of the spousal-support order from the Massachusetts court.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.