MOORE, Judge.
 

 In these consolidated appeals, Rachel McCoy Hayes (“the mother”) appeals from two separate judgments entered by the Etowah Circuit Court (“the trial court”) in a divorce action filed by the mother against Justin Steve Hayes (“the father”). We dismiss the appeals.
 

 Facts and Procedural History
 

 On October 2, 2007, the mother filed a complaint seeking a divorce from the father. In that complaint, the mother sought, among other things, custody of the parties’ minor child and child support. On that same date, the trial court entered a “status quo pendente lite order” that, among other things, awarded the parties “joint and shared custody” with “[pjhysical custody ... to remain with the parent who has customarily cared for the child,”
 
 *118
 
 awarded the father certain visitation with the child, and set the matter for a penden-te lite healing and/or a trial on November 14, 2007. On October 3, 2007, the trial court entered an amended order awarding the mother the “care, custody and control” of the child. On October 18, 2007, the father answered the mother’s complaint and counterclaimed, seeking, among other things, custody of the parties’ minor child and child support. On November 16, 2007, the trial court entered an order amending the custody provision in the October 3, 2007, amended order by awarding physical custody of the child to the father during the days that the mother worked and awarding physical custody of the child to the mother on the days that she did not work.
 

 After a final ore tenus hearing, the trial court entered a judgment on May 27, 2008. In that judgment, the trial court awarded the parties joint legal custody of the child, but it designated the mother as the primary physical custodian, subject to certain visitation rights of the father. The father’s visitation rights did not include having custody of the child during the days that the mother worked. The trial court also ordered the father to pay the mother $75 per week in child support.
 

 The father filed a timely motion for a new trial or, in the alternative, to alter, amend, or vacate the May 27, 2008, judgment. In his motion, the father requested, among other things, that the trial court amend the judgment to award him custody of the child during the days that the mother worked, as had been set out in the November 16, 2007, pendente lite order. The father also requested that the trial court amend the judgment so that he did not have to pay any child support based on his requested custodial arrangement. The mother filed a competing postjudgment motion on May 29, 2008, which she amended on June 4, 2008.
 

 After holding a hearing on the parties’ postjudgment motions on June 18, 2008, the trial court, on June 19, 2008, ordered the parties to make themselves and the child accessible by telephone weekly and while in the custody of each other. The trial court further ordered the parties to provide one another with proof of life insurance. The trial court specifically denied all other relief requested by the parties.
 

 On July 8, 2008, the father filed a “motion to clarify the order of June 19, 2008.” In that motion, the father simply asked the trial court to clarify its ruling on his motion to alter, amend, or vacate the May 27, 2008, judgment. The father did not indicate what portion of the June 19, 2008, order he did not understand. The trial court conducted a hearing on the father’s clarification motion. Subsequently, on August 4, 2008, the trial court entered a judgment stating, in pertinent part:
 

 “As long as the minor child is not enrolled in school, the [father] will have visitation with the child as set forth in the pendente lite order. Essentially [the father] will have the physical possession of the child on the days that [the mother] is working her extended work schedule. The visitation arrangement as expressed in the final decree becomes effective once the child becomes enrolled in kindergarten (full time).
 

 “[The mother] will remain the primary custodial parent under the joint custody provision.
 

 “All other relief requested by either party is denied.”
 

 On August 26, 2008, the mother appealed from the August 4, 2008, judgment modifying the custody and visitation provisions of the divorce judgment. This court docketed that appeal as case no. 2071101.
 

 
 *119
 
 On August 27, 2008, the father filed a Rule 60(b), Ala. R. Civ. P., motion “to correct a clerical mistake.” In that motion, the father averred that, at the June 18, 2008, hearing, the trial court had indicated orally that it had intended that its final custody, visitation, and child-support awards would be consistent with the November 16, 2007, pendente lite order. The father further alleged that the trial court had not previously ordered child support when the parties had shared custody of the child based on the mother’s work schedule. The father therefore requested that the trial court rescind its child-support award so long as the parties shared custody in accordance with the August 4, 2008, judgment. By notation on the father’s motion, the trial court purportedly granted the father’s Rule 60(b) motion on August 28, 2008.
 

 On September 12, 2008, the mother filed a motion entitled “motion to alter, amend or vacate the order of August 28, 2008.” In that motion, the mother argued that the trial court had entered the August 28, 2008, judgment without notice to her and without an opportunity for her to be heard. The mother further contended that the trial court had entered the judgment in violation of the Alabama Rules of Civil Procedure. The trial court denied the mother’s motion on September 13, 2008. The mother filed a notice of appeal relating to the trial court’s August 28, 2008, judgment on September 23, 2008. This court docketed that appeal as case no. 2071206.
 

 On October 21, 2008, this court consolidated the appeals. This court subsequently granted motions to stay execution of both the August 4, 2008, judgment and the August 28, 2008, judgment.
 

 Analysis
 

 In case no. 2071101, the mother argues that the August 4, 2008, judgment entered by the trial court is void because, she says, the trial court had lost jurisdiction to modify its May 27, 2008, judgment. We agree. The May 27, 2008, judgment finally disposed of all litigated matters between the parties and therefore constitutes a final judgment.
 
 See Verren v. Verren, 5
 
 So.3d 611, 614 (Ala.Civ.App.2008) (quoting
 
 Ex parte Wharfhouse Rest. & Oyster Bar, Inc.,
 
 796 So.2d 316, 320 (Ala.2001)) (“‘A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication.’ ”). Both parties filed postjudgment motions seeking amendment of the final judgment within 30 days of the entry of that judgment, as authorized by Rule 59, Ala. R. Civ. P. On June 19, 2008, the trial court ruled on those motions, specifically denying the father’s request to modify the custody and visitation provisions of the May 27, 2008, judgment. Upon making that ruling, the trial court lost jurisdiction to “reconsider” its decision and to grant the father’s requested relief.
 
 See Rorex v. Rorex,
 
 978 So.2d 60, 62-63 (Ala.Civ.App.2007); and
 
 Reaves v. Reaves,
 
 883 So.2d 693, 695 (Ala.Civ.App.2003).
 

 The father correctly points out that although a trial court loses jurisdiction to make substantive changes to a final judgment after conclusively ruling on a Rule 59 motion, the trial court always retains jurisdiction to correct a clerical mistake in its judgment pursuant to Rule 60(a), Ala. R. Civ. P. However, Rule 60(a)
 

 “deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say
 
 *120
 
 something other than what was originally pronounced.”
 

 Committee Comments on 1973 Adoption of Rule 60.
 

 “The trial court’s authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled.
 
 Merchant v. Merchant,
 
 599 So.2d 1198 (Ala.Civ.App.1992). It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. ... If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b).
 

 McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995).
 

 The father maintains that on June 18, 2008, the trial court pronounced from the bench during the hearing on the parties’ Rule 59 motions that it intended to reinstate the custody and visitation provisions contained in its November 16, 2007, pen-dente lite order. The father therefore argues that the trial court committed a clerical error in its June 19, 2008, order when it denied the father’s request to reinstate the terms of the pendente lite order. However, Rule 58, Ala. R. Civ. P., sets out the exclusive methods by which a trial court may render and enter a judgment. Pursuant to that rule, a trial judge’s oral statements regarding the manner in which he or she intends to rule does not constitute a judgment.
 
 See Armstrong v. Armstrong,
 
 550 So.2d 1017, 1018 (Ala.Civ.App.1989) (citing
 
 Hobbs v. Hobbs,
 
 423 So.2d 878 (Ala.Civ.App.1982), and noting that “a trial court’s oral divorce decree is unauthorized and ineffective”). The June 19, 2008, order constitutes the only effective ruling on the father’s Rule 59 motion, and that order unambiguously denied the father’s request to modify the custody and visitation provisions of the May 27, 2008, judgment. Accordingly, the trial court had no authority to reverse its decision and grant the father additional rights it had previously denied under the guise of correcting a clerical error, as the father contends.
 

 Because the trial court had lost jurisdiction to modify its May 27, 2008, judgment after its June 19, 2008, ruling, we conclude that its August 4, 2008, judgment is void. A void judgment will not support an appeal.
 
 Hannah v. Hannah,
 
 984 So.2d 457 (Ala.Civ.App.2007). We therefore dismiss the mother’s appeal in case no. 2071101 and instruct the trial court to vacate its August 4, 2008, void judgment.
 

 For similar reasons, we dismiss the appeal in case no. 2071206. After entering its void judgment of August 4, 2008, the trial court, on August 28, 2008, purported to further modify its May 27, 2008, judgment by absolving the father of the child-support obligation established in that judgment. Again, the trial court acted on the father’s motion filed pursuant to Rule 60(a).
 
 [1]
 
 However, the father was not seeking to correct a clerical error in the May 27, 2008, judgment, or the June 19, 2008, postjudgment order, but was requesting a substantive change affecting his duty to pay child support to the mother. The trial court was wholly without the authority to make such a substantive change three months after its final judgment had been entered. We therefore conclude that the August 28, 2008, judgment purporting to relieve the father of his duty to pay child support is void for lack of jurisdiction. We
 
 *121
 
 therefore dismiss the appeal in case no. 2071206 and instruct the trial court to vacate its August 28, 2008, void judgment. We further instruct the trial court to award the mother back child support in accordance with the May 27, 2008, judgment to the extent the father has not paid such child support in reliance on the trial court’s void August 28, 2008, judgment.
 

 2071101 — APPEAL DISMISSED WITH INSTRUCTIONS.
 

 2071206 — APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Although the father cited Rule 60(b) in his motion, he requested the trial court to correct a "clerical mistake,” as authorized by Rule 60(a). It is the relief requested, not the nomenclature used, that determines the substance of a motion.
 
 See Allied Prods. Corp. v. Thomas,
 
 954 So.2d 588, 589 n. 3 (Ala.Civ.App.2006).