MOORE, Judge.
 

 In case no. 2080760, Stephen M. Searle and Patrice A. Searle (hereinafter referred to collectively as “the Searles”) appeal from an order granting a preliminary injunction in favor of Nancy Vinson. In case no. 2081155, the Searles appeal from a judgment purporting to grant a permanent injunction in favor of Nancy.
 

 Facts
 

 The property at issue originally belonged to Esther Trawick. When Esther died, her property was divided; her daughter, Ruby Vinson, inherited a portion of that property. Ruby’s property remained undivided until she died in December 2003, at which time her property was divided into parcels and deeded to her children. Larry Vinson received parcels
 
 *769
 
 2A and 3A; Betty Rabie received parcel 4A; Gary Vinson received parcel 5A; Randy Vinson received parcel 6A; and Richard Vinson received parcel 7A. Those parcels are adjacent to each other, running from west to east. According to Gary, at the time Esther’s property was divided, a 20-foot easement was created that ran along the southern border of each of those parcels (“the easement”). Ruby’s daughter, Diane Holman, received parcel 4B, which lies north of parcel 4A.
 

 According to Gary, Esther and her husband had lived in a house (“the old homestead”) on parcel 6A. Melba Day, Ruby’s niece, testified that Esther and her husband had later built a house on parcel 7A and had moved into that house. According to Melba and Gary, Esther had rented the old homestead for a number of years to different parties. Gary testified that his father, Ruby’s husband, had subsequently used the old homestead to store corn and grain. Gary testified that the old homestead was eventually torn down and that, later, when Diane got married, she had placed a concrete slab on parcel 6A and had placed a “trailer” on the slab. According to Gary, Diane later moved away and another couple rented the trailer for a couple of years. Gary and Melba both testified that everyone who had lived in the old homestead or in a trailer on the concrete slab on parcel 6A had accessed that property by crossing parcel 7A. Gary stated, however, that nobody had crossed parcel 7A without permission and that there had never been a written easement allowing access to parcel 6A.
 

 On July 10, 1982, Richard married Nancy, and they placed a mobile home on the concrete slab on parcel 6A and began living there. Ruby lived in the house on parcel 7A at that time. Nancy testified that she and Richard lived in a mobile home on parcel 6A for “about 20 years or so.” According to Nancy, before Ruby died, Richard had lived with Ruby in the house that had been built on parcel 7A while Nancy lived in the mobile home on parcel 6A. Nancy testified that there was not a written easement allowing access to Highway 31 from the mobile home but that Ruby had given her permission to cross parcel 7A along Ruby’s driveway (“the drive”) to access Highway 31.
 

 Richard died on April 9, 2008. On November 26, 2008, all Richard’s heirs executed a warranty deed conveying parcel 7A to Nancy. According to Diane, Nancy built a new house on parcel 7A that was closer to the drive than the house that Esther and her husband had built.
 

 On October 8, 2008, Diane, who had apparently obtained title to parcel 6A, executed a deed conveying parcel 6A to the Searles.
 
 [1]
 
 That deed included the following language:
 

 “This conveyance and the warranties contained herein are made subject to the following:
 

 “1. The property described herein does not have access to a county maintained road.
 

 “2. Rights of other parties in and to the use of an easement for a roadway 20 feet in width along the south side of the property reserved in deed from Cecil A. Trawick, et al. to Gladys T. Dean formerly Gladys Trawick and William E. Dean dated September 12, 1968, and recorded in Deed Book 389, Page 90.”
 

 
 *770
 
 Stephen Searle testified that, at the time the Searles purchased parcel 6A, he had done some research and had determined that they had legal access to parcel 6A via a prescriptive easement over parcel 7A. Stephen further stated that he knew when the Searles purchased parcel 6A that there was a question whether there was a legal right-of-way across parcel 7A. According to Stephen, at the recommendation of his real-estate broker, he had placed a portion of the purchase money for parcel 6A in an escrow account in the event a lawsuit was filed to determine whether the Searles had an easement across parcel 7A.
 

 Stephen testified that, on November 15, 2008, he had spoken to Nancy and that she had given the Searles permission to access their property across the drive. Nancy stated, however, that she had allowed the Searles to access their property only on that one occasion. Nancy testified further that the Searles had moved their mobile home onto parcel 6A approximately two and a half weeks before the hearing on her preliminary-injunction motion on May 19, 2009.
 

 With regard to the easement, it is undisputed that the easement was impassable with a vehicle. Gary testified that he had cleared a walkway along the easement, but he agreed that the length of the easement was grown up with trees and was “basically wild.” Nancy, Gary, and Melba, who owned the parcel west of parcel 2A and over which the easement ran, each testified that they would contribute an additional 10 feet of their properties so that the easement could be widened, but they would not agree to participate in or contribute to cutting down the trees and building a road on the easement.
 
 [2]
 

 Nancy testified that she was seeking a preliminary injunction to prevent the Searles from accessing their property by crossing her property because, she said, it invaded her privacy, there were people coming in on the drive who had never been there before, and it was a hindrance. She stated that the continued use of the drive by the Searles was keeping her from putting up a fence for her animals and that she did not want anything to happen to her animals. She stated that, every time the Searles travel to and from their property across her property, her dogs bark. Nancy also stated that she lives by herself and that she does not want people she does not know and is not expecting to enter her property to have access to travel over her property. She further stated that the Searles’ accessing their property across her property would prevent her from selling her land.
 

 Procedural History
 

 On December 10, 2008, Nancy filed a complaint against the Searles in the trial court; Nancy alleged that the Searles erroneously claimed an easement over her property, and she requested a judgment declaring that the Searles did not possess an easement over her property and a permanent injunction enjoining the Searles from attempting to cross or trespass upon her property. The Searles filed an answer on March 19, 2009, alleging that they did have an easement over Nancy’s property and alleging several affirmative defenses. The Searles filed an amended answer on March 31, 2009.
 

 On May 12, 2009, Nancy filed a motion for a preliminary injunction, alleging that she had placed a fence on her property to keep the Searles from crossing her property and that the Searles had moved that
 
 *771
 
 fence and had continued crossing her property; she requested a preliminary injunction enjoining the Searles from crossing her property. On May 14, 2009, the trial court granted Nancy’s motion for a preliminary injunction. The Searles filed a motion to set aside the preliminary injunction on May 15, 2009, asserting that it had been entered 'without a hearing, without requiring Nancy to post a bond or other security, and without a statement of grounds for the entry of the preliminary injunction in contravention of Rule 65(c), Ala. R. Civ. P. The trial court entered an order on May 15, 2009, setting aside the preliminary injunction and setting Nancy’s motion for a hearing. A hearing was held on May 19, 2009; at the conclusion of that hearing, the trial court indicated that it was going to grant the motion. The trial court entered a written order granting Nancy’s motion for a preliminary injunction on May 22, 2009. The Searles filed a notice of appeal from the order granting the preliminary injunction to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 
 [3]
 
 That appeal was docketed as case no. 2080760.
 

 The Searles filed a motion in the trial court to stay the preliminary injunction on May 26, 2009; that motion was denied by the trial court on June 4, 2009.
 
 [4]
 

 After a final hearing on August 11, 2009, the trial court entered a judgment on August 27, 2009, purporting to grant Nancy a permanent injunction. The Searles filed their notice of appeal to this court on September 15, 2009; that appeal was docketed as case no. 2081155 and was consolidated with case no. 2080760 on September 18, 2009.
 

 Discussion
 

 A.
 
 Case No. 2081155
 

 Although neither the Searles nor Nancy has raised the issue of jurisdiction, we may raise the issue of subject-matter jurisdiction
 
 ex mero motu. M.M. v. L.L.,
 
 989 So.2d 528, 528 (Ala.Civ.App.2007).
 

 “Alabama law is clear that ‘[jlurisdiction of a case can be in only one court at a time.’
 
 Ex parte State ex rel. O.E.G.,
 
 770 So.2d 1087, 1089 (Ala.2000). Furthermore, ‘while an appeal is pending, the trial court “can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.” ’
 
 Reynolds v. Colonial Bank,
 
 874 So.2d 497, 503 (Ala.2003) (quoting
 
 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 608 (Ala.1984)).”
 

 Johnson v. Willis,
 
 893 So.2d 1138, 1141 (Ala.2004). In
 
 Johnson,
 
 the appellants filed their first notice of appeal after a preliminary injunction had been issued. 893 So.2d at 1140-41. Thereafter, while that appeal was pending, the trial court purported to enter a permanent injunction. 893 So.2d at 1141. The Alabama Supreme Court determined that the trial court was without jurisdiction to make the injunction permanent.
 
 Id.
 
 We conclude, based on
 
 Johnson,
 
 that the trial court in the present case was without jurisdiction to enter the judgment granting Nancy a permanent in
 
 *772
 
 junction and, thus, that that judgment is void.
 
 See Johnson,
 
 893 So.2d at 1141. Because a void judgment will not support an appeal, we dismiss the Searles’ appeal in case no. 2081155 and instruct the trial court to vacate its August 27, 2009, judgment.
 
 See Hayes v. Hayes,
 
 16 So.3d 117, 120 (Ala.Civ.App.2009).
 

 B.
 
 Case No. 2080760
 

 With regard to case no. 2080760, the Searles argue that the trial court erred by granting the preliminary injunction because, they say, Nancy could not prove any of the required elements for the granting of preliminary injunctive relief.
 

 “ ‘The decision to grant or to deny a preliminary injunction is within the trial court’s sound discretion. In reviewing an order granting a preliminary injunction, the Court determines whether the trial court exceeded that discretion.’
 
 SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co.,
 
 931 So.2d 706, 709 (Ala.2005).
 

 “A preliminary injunction should be issued only when the party seeking an injunction demonstrates:
 

 “ ‘ “(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no adequate remedy at law; (3) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unreasonably outweigh the benefit accruing to the [party seeking the injunction].” ’
 

 “Ormco Corp. v. Johns,
 
 869 So.2d 1109, 1113 (Ala.2003) (quoting
 
 Perley v. Tapscan, Inc.,
 
 646 So.2d 585, 587 (Ala.1994)).
 

 “To the extent that the trial court’s issuance of a preliminary injunction is grounded only in questions of law based on undisputed facts, our longstanding rule that we review an injunction
 
 solely
 
 to determine whether the trial court exceeded its discretion should not apply. We find the rule applied by the United State Supreme Court in similar situations to be persuasive: ‘We review the District Court’s legal rulings
 
 de novo
 
 and its ultimate decision to issue the preliminary injunction for abuse of discretion.’
 
 Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,
 
 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); see also Justice Murdock’s special writing while sitting as a judge on the Court of Civil Appeals in
 
 City of Dothan v. Eighty-Four West, Inc.,
 
 871 So.2d 54, 60 (Ala.Civ.App.2003) (Mur-dock, J., concurring specially on application for rehearing) (cited with approval in
 
 McGlathery v. Richardson,
 
 944 So.2d 968, 970 (Ala.Civ.App.2006)).”
 

 Holiday Isle, LLC v. Adkins,
 
 12 So.3d 1173, 1175-76 (Ala.2008).
 

 The Searles appear to be arguing that the trial court failed to comply with Rule 65(d)(2), Ala. R. Civ. P., which requires that orders granting an injunction “shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.” In its order granting Nancy’s motion for a preliminary injunction, the trial court made the following factual findings:
 

 “1. The [Searles] took title to their property with full knowledge they did not have a written legal easement for ingress and egress to their property across [Nancy’s] property.
 

 “2. The [Searles’] deed has a provision that their property does not have access to a county maintained road.
 

 
 *773
 
 “3. The [Searles] had full knowledge before they purchased their property that a dispute existed over access to their property across [Nancy’s] property-
 

 “4. The [Searles] removed a temporary fence on [Nancy’s] property and moved a [mobile home] across her property.
 

 “5. Any prior access to the [Searles’] property was with consent or permission by the prior owners of [Nancy’s] property-
 

 “6. [Nancy] is a widow and lives alone on her property in an unincorporated rural area near Stapleton, Alabama.
 

 “7. The access the [Searles] claim runs through [Nancy’s] yard and will allow visitors of the [Searles] to come through her yard.
 

 “8. [Nancy] wishes to secure her property by fencing it and have her dogs contained in her yard.
 

 “9. [Nancy] will suffer immediate and irreparable harm without the granting of the Preliminary Injunction.”
 

 We conclude that those findings are sufficient to bring the trial court’s order in compliance with Rule 65(d)(2).
 

 The Searles assert that Nancy failed to prove that she would suffer irreparable injury if the preliminary injunction was not granted. “ ‘Irreparable injury is an injury that is not redressable in a court of law through an award of money damages.”
 
 Perley v. Tapscan, Inc.,
 
 646 So.2d 585, 587 (Ala.1994) (citing
 
 Triple J Cattle, Inc. v. Chambers,
 
 551 So.2d 280, 282 (Ala.1989)). Nancy asserted that the Searles had trespassed upon her property and had interfered with her property rights. Stephen admitted at the hearing that he had removed an orange net fence that Nancy had erected around her property. Nancy testified that she wanted to erect a fence so that her animals would not escape or become injured but that she could not do so while the Searles were accessing their property across her parcel.
 
 See Mobile County v. Knapp,
 
 200 Ala. 114, 115, 75 So. 881, 882 (1917) (“[W]hen the title to land is in dispute, and the trespasses thereon are continuous and cause irreparable injury, a court of equity will award a temporary injunction, whether the defendant or the complainant be in the possession, to enable the parties to bring a suit at law to establish the legal title.”). We conclude that the Searles’ interference with Nancy’s enjoyment of her property represented an irreparable injury and that Nancy proved that that interference would continue if the injunction was not granted.
 

 The Searles further assert, without citation to any facts or authority or any further argument, that Nancy “would not suffer any injury, but [that] the Searles suffered serious hardship by having no access to their home.” To the extent that we interpret this as an argument that Nancy failed to demonstrate that the hardship imposed on the Searles by the injunction would not unreasonably outweigh the benefit accruing to Nancy, we decide that issue in favor of Nancy. Stephen testified that the Searles had moved their mobile home onto parcel 6A in late April 2009 and that they had lived on the property for almost a month at the time of the preliminary-injunction hearing. Both Gary and Nancy testified that the Searles could access their property through an alternate route. We conclude that Nancy’s claims that a preliminary injunction would prevent the Searles’ interference with her enjoyment of her property outweighs the hardship, if any, imposed on the Searles. As a result, we conclude that the trial court did not commit reversible error by granting the preliminary in
 
 *774
 
 junction, and we affirm the order entering the preliminary injunction.
 

 2080760 — AFFIRMED.
 

 2081155 — APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The record does not reveal when or how Diane became the owner of parcel 6A; as noted earlier, Randy received parcel 6A when Ruby died. However, neither the Searles nor Nancy has argued that Diane did not own parcel 6A at the time the deed to the Searles was executed.
 

 [2]
 

 . Nancy and Gary both testified that Larry and Betty had also agreed to contribute 10 feet of their property to widen the easement, although neither Larry nor Betty testified at the hearings in the present case.
 

 [3]
 

 . The Searles’ notice of appeal was filed on May 21, 2009, one day before the trial court’s judgment was entered into the State Judicial Information System. Under Rule 4(a)(4), Ala. R.App. P., the Searles’ notice of appeal was deemed to have been filed on May 22, 2009.
 
 See J. Bryant, LLC v. City of Birmingham,
 
 23 So.3d 675, 677 (Ala.Civ.App.2009).
 

 [4]
 

 . The Searles filed an emergency motion to stay the trial court's order granting a preliminary injunction in the Alabama Supreme Court contemporaneously with its notice of appeal in case no. 2080760. On June 9, 2009, this court issued an order denying the Searles’ emergency motion to stay.