MOORE, Judge.
Boyd James Landry (“the father”) appeals, and Angela 0. Landry (“the mother”) cross-appeals, from a judgment of the Autauga Circuit Court (“the trial court”). We dismiss the appeal.

Background

The trial court divorced the father and the mother in 2007; as part of the divorce judgment, the father was ordered to pay, among other things, child support. On April 28, 2010, the father filed a petition in the trial court to modify his child-support obligation, and the mother subsequently counterclaimed, seeking to hold the father in contempt. Those issues were tried before the trial court on November 16, 2010. On November 18, 2010, the trial court *89 entered an order addressing those issues, and, on December 27, 2010, the father appealed. This court assigned the father’s appeal case no. 2100340.
On April 26, 2011, this court dismissed the father’s appeal because it was taken from a nonfinal judgment. See Landry v. Landry (No. 2100340, April 26, 2011), — So.3d - (Ala.Civ.App.2011) (table). This court issued its certificate of judgment on May 17, 2011.
On February 28, 2011, while case no. 2100340 was still pending on appeal, the trial court entered a judgment addressing the father’s petition to modify child support and the mother’s counterclaim for contempt. In that judgment, the trial court stated:
“Case called November 16, 2010, and testimony being taken on the issue of a Petition to Modify the child support being paid by [the father] to [the mother].
“Court finds that the child support award shall be modified to $277.80 per month to be paid by [the father] to [the mother], the award of child support in compliance with Rule 32, [Ala. R. Jud. Admin.]. New award of child support to commence March 1, 2011.
“Case further called on Counter-claim for contempt. [The father] found to be in arrears in the sum of $23,776.31 for child support, medical expense[s], home equity mortgage payment to the date of the hearing. Arrearage set in this amount this date.”
On March 30, 2011, the father filed a motion to alter, amend, or vacate the trial court’s February 28, 2011, judgment. The father also filed a separate motion for a new trial on that same date.[1] The father filed a notice of appeal on June 10, 2011, and the mother cross-appealed. This court assigned that appeal and cross-appeal case no. 2100861.

Analysis

Although neither party has raised the issue of this court’s jurisdiction, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). “It is well settled that ‘[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.’” Portis v. Alabama State Tenure Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2003) (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala. Civ.App.1982)). Further,
“Alabama law is clear that ‘[¡jurisdiction of a case can be in only one court at a time.’ Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000). Furthermore, ‘while an appeal is pending, the trial court “can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.” ’ Reynolds v. Colonial Bank, 874 So.2d 497, 503 (Ala.2003) (quoting Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala. 1984)).”
Johnson v. Willis, 893 So.2d 1138, 1141 (Ala.2004).
In Johnson, the appellants filed an appeal after the trial court in that case had entered a preliminary injunction. 893 So.2d at 1140-41. During the pendency of that appeal, the trial court purported to enter a permanent injunction. 893 So.2d at 1141. The Alabama Supreme Court determined that the trial court lacked jurisdiction to make the injunction permanent during the pendency of the appeal from the preliminary injunction. Id.
*90 We also note that, until an appellate court enters its certificate of judgment, its decision is not yet final and its jurisdiction over a case is not terminated. See Rule 41(a), Ala. R.App. P. (an appellate court’s “certificate of judgment ... shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order”); see also Portis, 863 So.2d at 1126; and Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App.2001). Our certificate of judgment in case no. 2100340 was issued on May 17, 2011; as a result, the trial court did not reacquire jurisdiction over the case until that date.
As in Johnson, supra, the trial court in this case lacked jurisdiction to enter its February 28, 2011, judgment because, at that time, the father’s appeal in case no. 2100340 remained pending before this court. Because the issues addressed in the trial court’s February 28, 2011, judgment were before this court when the trial court purported to enter its February 28, 2011, judgment, that judgment is void. A void judgment will not support an appeal. See Tidwell v. State Ethics Comm’n, 599 So.2d 12, 12 (Ala.1992). The father’s appeal and the mother’s cross-appeal from the void February 28, 2011, judgment are therefore dismissed, albeit with instructions to the trial court to vacate its void judgment. See Hayes v. Hayes, 16 So.3d 117, 120 (Ala.Civ.App.2009) (dismissing an appeal taken from a void judgment but instructing the trial court to, among other things, vacate that void judgment).
APPEAL AND CROSS-APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The father filed various other motions in the trial court that are not relevant to our resolution of this appeal.