MOORE, Judge.
This is the second time these parties have been before this court. See Smith v. N.C., by and through Pierce (No. 2100626, Oct. 26, 2011), — So.3d — (Ala.Civ. App.2011) (table).
This case was initiated on August 10, 2010, when Marjorie Bell Smith filed in the Mobile Probate Court a petition for letters of administration of the estate of her son, Timothy Edward Bell, who had been declared dead on April 26, 2010. On September 7, 2010, Smith filed a “Motion for Instructions” asserting that T.C., N.C., and C.T. (sometimes hereinafter referred to collectively as “the alleged children”) were minors and were claiming to be Bell’s children; she denied that T.C., N.C., or C.T. were Bell’s children and requested instructions from the probate court as to what notice she was required to give them. Letters of administration were issued to Smith on September 10, 2010. Guardians ad litem were subsequently appointed for the alleged children. A hearing was held, at which Smith’s attorney represented that he was withdrawing the “Motion for Instructions.” At that hearing, it was shown that N.C. had been born while his mother was married to Bell and that, in prior divorce proceedings with N.C.’s mother, Bell had represented that T.C. had also been born of Bell’s marriage to N.C.’s mother.
On December 1, 2010, the probate court entered an order in which it stated that Smith had withdrawn her “Motion for Instructions” and that the only paternity issue remaining was as to C.T.; the probate court ordered Smith to file an inventory, a “handbook certificate,” and a status report regarding her investigation into certain funds that had allegedly been improperly taken from Bell.
On December 2, 2010, Smith filed a motion to set aside the probate court’s December 1, 2010, order; she also moved the probate court to require DNA testing of all persons who were alleging that they were Bell’s children. On January 31, 2011, Smith filed a letter brief in support of her request for DNA testing; she asserted that the probate court was not a proper forum for a paternity adjudication. On February 3, 2011, the probate court entered an order denying Smith’s motion to set aside as well has her request for DNA testing. On March 11, 2011, Smith filed her notice of appeal from that order to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975, and this court assigned that appeal case no. 2100626. On October 26, 2011, this court dismissed that appeal as being from a nonfinal judgment. *548 See Smith, supra. This court subsequently issued its certificate of judgment in case no. 2100626 on November 15, 2011.
On October 28, 2011, before the certificate of judgment was issued in case no. 2100626, the probate court entered a judgment determining, based on the results of DNA testing, that C.T. is an heir of Bell. On December 9, 2011, Smith filed a notice of appeal from the October 28, 2011, judgment to the Alabama Supreme Court. The supreme court subsequently transferred that appeal to this court, pursuant to § 12-2-7, Ala.Code 1975, and this court assigned that appeal case no. 2110596.
“Although neither party has raised the issue of the [probate] court’s subject-matter jurisdiction, ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Fuller v. Fuller, 51 So.3d 1053, 1055 (Ala.Civ.App.2010) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘It is well settled that “[o]nee an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.” ’ ” Landry v. Landry, 91 So.3d 88, 89 (Ala.Civ. App.2012) (quoting Portis v. Alabama State Tenure Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2003), quoting in turn Ward v. Ullery, 412 So.2d 796, 797 (Ala. Civ.App.1982)).
“[U]ntil an appellate court enters its certificate of judgment, its decision is not yet final and its jurisdiction over a case is not terminated. See Rule 41(a), Ala. R.App. P. (an appellate court’s ‘certificate of judgment ... shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order’).”
Landry v. Landry, 91 So.3d at 90.
This court’s certificate of judgment in case no. 2100626 was issued on November 15, 2011, and the probate court did not reacquire jurisdiction over the case until that date. Thus, when the probate court entered its October 28, 2011, judgment, “the judgment of this court was not yet final and this court still had jurisdiction over this matter.” Plantation South Condo. Ass’n, Inc. v. Profile Mgmt. Corp., 783 So.2d 838, 841 (Ala.Civ.App.2000). Because the probate court’s October 28, 2011, judgment was entered without jurisdiction, that judgment is void. Landry, 91 So.3d at 90. A void judgment will not support an appeal. Id. We, therefore, dismiss Smith’s appeal, albeit with instructions to the probate court to set aside its void judgment.[1] Id.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. We note that all of Smith's arguments on appeal in case no. 2110596 pertain to the probate court’s February 3, 2011, order denying her request for DNA testing. She does not challenge the probate court’s October 28, 2011, judgment determining that C.T. is an heir of Bell. Smith apparently believed that the probate court's determination on that issue resolved all the remaining issues in the case, thereby making that judgment a final judgment from which to appeal. We note, however, that there will be no final judgment from which Smith may appeal until there is a final settlement of Bell’s estate. See Montiel v. Estate of Montiel, 976 So.2d 1043 (Ala.Civ. App.2007). Thus, Smith may not challenge on appeal the probate court's February 3, 2011, order denying her request for DNA testing until there is a final settlement of the estate or until the probate court certifies its February 3, 2011, order as final, pursuant to Rule 54(b), Ala. R. Civ. P. Id.