RICHARD O'BYMACHOW *v.* DEBRA LEE O'BYMACHOW
(4582)

BORDEN, DALY and BIELUCH, Js.

Argued January 5—decision released March 3, 1987

*William H. Cashman,* for the appellant (defendant).

*Charles E. Tiernan II,* with whom, on the brief, were *Patrick Filan* and *Hugh F. Keefe,* for the appellee (plaintiff).

BORDEN, J. The dispositive issue of this appeal is whether the filing of an appeal from a judgment of the trial court deprives that court of jurisdiction to entertain a subsequent motion to reconsider that judgment. The trial court held that such an appeal did deprive it of such jurisdiction. We hold that such an appeal does not deprive the trial court of such jurisdiction, and find error.

The marriage of the parties was dissolved in July, 1982. The dissolution judgment ordered the plaintiff to pay the defendant $450 per month as unallocated alimony and support for their minor child. In July, 1985, the defendant, claiming a substantial change of circumstances, moved to modify the judgment by increasing the order of unallocated alimony and support. After a hearing on October 1, 1985, the court denied the motion in a brief oral decision from the bench. On October 2, 1985, the defendant requested that the court articulate its decision further. On October 7, 1985, the court did so in a written articulation. On October 18, 1985, the defendant appealed from the court's decision denying her motion for modification.

On November 4, 1985, the defendant filed a "Motion For Rehearing," asking that she be given a new hearing on her motion for modification. The basis for this motion was that the plaintiff had committed a fraud on the court at the hearing of October 1, 1985. The court ruled that the pending appeal had deprived it of jurisdiction to hear the defendant's motion for rehearing, which was aimed at the judgment on appeal. The defendant amended her appeal pursuant to Practice Book § 4006 (formerly § 3062) to include the issue of whether the trial court had jurisdiction to entertain her motion for rehearing.

It has long been settled law that the power of the trial court to open or modify its judgment is not affected by the fact that an appeal from that judgment is pending. *Milford Trust Co.* v. *Greenberg,* 137 Conn. 277, 278, 77 A.2d 80 (1950); *Clover Farms, Inc.* v. *Kielwasser,* 134 Conn. 622, 623, 59 A.2d 550 (1948); *Thompson* v. *Towle,* 98 Conn. 738, 741, 120 A. 503 (1923). We consider the defendant's motion for rehearing to be equivalent to a motion to open the judgment based on fraud, which may be heard at any time. See *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980).

It is clear, therefore, that the court in this case erred by refusing to entertain the defendant's motion addressed to its earlier judgment.

This conclusion effectively disposes of part of this appeal for the time being. Although both parties have briefed and argued the merits of the defendant's original appeal, which is aimed at the denial by the trial court of her motion for modification, it would be inappropriate for us now to consider that aspect of the appeal. Since we have decided that the trial court must now entertain the defendant's motion for rehearing, the wiser policy is to await the trial court's ruling on that motion, pursuant to our remand, before addressing the merits of the defendant's original appeal. On one hand, if pursuant to the defendant's motion for rehearing the trial court ultimately modifies the judgment, a different controversy will be presented and the court's original action will be moot. See *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). On the other hand, if after hearing that motion the trial court nonetheless preserves its earlier ruling denying the defendant's motion for modification, the defendant should then be able to present us with the merits of both the original and subsequent rulings of the trial court without the expense and delay of an additional appeal.

The unique circumstances of this case, therefore, require that we exercise our power of supervision and control over proceedings on appeal; Practice Book § 4183 (formerly § 3096); in the spirit of the purpose of our rules, namely, to facilitate business and advance justice. Practice Book § 6. We will retain on our docket the defendant's original appeal from the court's denial of her motion for modification, and remand her motion for rehearing for a prompt hearing thereon by the trial court. See *Flynn* v. *Newington,* 2 Conn. App. 230, 239, 477 A.2d 1028, cert. denied, 194 Conn. 804, 482 A.2d

709 (1984). This disposition will avoid the necessity of inordinate further delay in any review by us of the merits of the court's original action.

Upon our remand, we direct that the trial court promptly hear and decide the defendant's motion for rehearing, and that the clerk of that court promptly notify the clerk of this court whether the trial court has modified or preserved its original decision on the defendant's motion for modification.

If the trial court modifies its original decision and neither party seeks appellate review of that modification, we will then dismiss as moot the pending appeal from the court's original action. If the trial court modifies its original decision and either party seeks appellate review of that modification, the plaintiff may amend her pending appeal and the defendant may appeal or cross appeal, as the case may be, and we will expedite the appellate process. If the trial court preserves its original decision, the defendant will be permitted to present us with the merits of both the original and subsequent rulings of the trial court by amending her pending appeal in this court to include the subsequent ruling, and we will expedite the amended appeal.

There is error in part, the judgment declining to hear the plaintiff's motion for rehearing is set aside and the case is remanded for a prompt hearing on that motion, and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.