VIOLET F. MUNDELL *v.* MORTIMER A. MUNDELL
(AC 27679)

McLachlan, Lavine and Beach, Js.

---

Argued April 29—officially released September 23, 2008

*Shawn Council,* for the appellant (defendant).

*David P. Mester,* with whom was *Mark Miller,* for the appellee (plaintiff).

*Opinion*

LAVINE, J. The defendant, Mortimer A. Mundell, appeals from the postdissolution judgments of the trial court. Although the defendant has listed fourteen issues in his amended appeal, this court discerns three that require discussion: (1) whether the court, *Epstein, J.,* improperly ordered the suspended portion of the defendant's child support and alimony obligation to accrue, (2) whether that court improperly denied the defendant's second motion for modification, and (3) whether the court, *Hon. John R. Caruso,* judge trial referee, improperly modified the judgment of dissolution by signing a qualified domestic relations order. We affirm the trial court's judgments suspending a portion of the defendant's support obligations and signing the qualified domestic relations order and reverse the judgment as to the second motion for modification.

The following facts are relevant to the appeal. The plaintiff, Violet F. Mundell, commenced an action for the dissolution of the parties' marriage in June, 2001. Judge Caruso granted the dissolution of marriage on October 8, 2002, and ordered, among other things, that the defendant pay the plaintiff $221 per week for child support and $250 per week in alimony for a period of ten years. The court also ordered that "50 [percent] of the present value of $112,400 (= $56,200)" of the defendant's state of Connecticut pension plan be assigned to the plaintiff via a qualified domestic relations order prepared by counsel for the defendant.

In January, 2006, the defendant filed a motion for modification as to his child support and alimony obligations because he had been "fired from [his] job" and denied unemployment compensation. Judge Epstein found that the defendant was responsible for his loss of employment and ordered him to pay half of his obligations pursuant to the judgment of dissolution with the balance to accrue. The defendant filed an appeal.

The defendant filed a second motion for modification of his child support and alimony obligations in August, 2006, which Judge Epstein denied without reaching the merits of the motion. The defendant amended his appeal to include claims related to the second motion for modification.

On February 8, 2006, and several times thereafter, the plaintiff filed motions for contempt against the defendant for his failure to file the qualified domestic relations order pursuant to the judgment of dissolution. Judge Caruso ordered the defendant to file the qualified domestic relations order, and, when the defendant refused, Judge Caruso signed it over the defendant's objections. The defendant again amended his appeal. Additional facts will be set forth as necessary.

I

The defendant claims that Judge Epstein abused her discretion when ruling on his motions for modification of child support and alimony by ordering the balance to accrue after ordering the defendant to pay half of his obligations and denying his second motion for modification. We conclude that the court did not abuse its discretion by ordering the defendant to pay half of his obligation with the balance to accrue but did abuse its discretion by failing to consider the merits of the defendant's second motion for modification of his alimony and child support obligation.

A

The defendant claims that the court abused its discretion when it ruled on his January, 2006 motion for modification of his child support and alimony obligations. The defendant does not take issue with the court's reducing his child support and alimony obligations by half but claims that it was improper for the court to order the balance of the child support and alimony ordered pursuant to the judgment of dissolution to accrue. We disagree.

On January 3, 2006, pursuant to General Statutes § 46b-86, the defendant filed a motion for modification of his alimony and child support obligations as ordered pursuant to the dissolution judgment. In ruling on the motion to modify on March 21, 2006, Judge Epstein found that the defendant had lost his employment of seventeen years with the state of Connecticut for cause. Due to the circumstances under which he lost his employment, the defendant was not entitled to unemployment compensation. The court found not credible the defendant's testimony that he was not able to procure some type of employment, and the court was at a loss as to what had happened to the significant sums the defendant had earned during his last year of employment. The court ordered the defendant to perform a documented employment search and return to court on April 5, 2006. In the interim, the court ordered the defendant to pay half of his child support and alimony, "the balance to accrue." The defendant filed a motion for articulation, which was denied. This court granted the defendant's motion for review and ordered the trial court to articulate the factual and legal bases for modifying the defendant's child support and alimony obligations and what it meant by "balance to accrue."

The court issued its articulation on July 24, 2007, in which it set forth the defendant's child support and

alimony obligations pursuant to the dissolution judgment and found that at the time the defendant lost his job, his children were still minors and his alimony obligation continued. The court also found that during the last year of his employment, the defendant earned approximately $145,000, including overtime compensation. At the time the state terminated the defendant's employment, it paid him $10,000 for unused vacation time. The defendant was unable to give the court a credible explanation as to what he had done with the compensation that he had earned "so as to assure the court that residuals from those earnings were available to ameliorate the dire circumstances into which he had placed" the plaintiff and their children. The court also found that the defendant failed to explain credibly that he had undertaken a diligent job search or attempted to retrain.[1] The court found that the defendant lacked any commitment to fulfill his responsibilities and that his testimony was a mere plea to the court for favorable treatment, "despite his self-imposed earnings predicament."

The court also articulated that it ordered the defendant to pay $120 per week for child support, "the balance to accrue," and $125 per week for alimony, "the balance to accrue." The court explained that it provided relief to the defendant in lowering his weekly obligations to one half, with the balance to accrue, because the court was of the firm belief that the defendant was capable of earning at least half of what he had previously earned. The court reasoned, citing *Sanchione* v. *Sanchione*, 173 Conn. 397, 407, 378 A.2d 522 (1977), and *Wanatowicz* v. *Wanatowicz*, 12 Conn. App. 616,

---

[1] The court ordered the defendant, who has a high school education, to perform a documented employment search, visiting in person at least five potential employers per day, at least five days per week. The defendant was to continue his employment search until he obtained employment of forty hours per week or April 5, 2006, at which time he was to return to court.

620, 533 A.2d 239 (1987), that the fact that the defendant brought his financial predicament on himself "foreclosed him from legitimately escaping his relatively moderate financial obligations." The court also did not find credible the defendant's contention that he had made a diligent attempt to secure employment during the four months between the date he lost his employment and the hearing on his motion to modify.

The court articulated that "balance to accrue" meant that the amount of the support and alimony reduction would accumulate and remain payable at some future date, pending an order of the court. In other words, the defendant's obligation was not obviated but *suspended.* The court afforded relief under the then existing circumstances but also found that the dissolution order regarding the defendant's financial obligations was sound and could not be altered by a substantial change in circumstances brought about by the defendant's knowledgeable and wilful acts.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case . . . ." (Internal quotation marks omitted.) *Simms* v. *Simms*, 283 Conn. 494, 502, 927 A.2d 894 (2007). "[U]nless the trial court applied the wrong standard of law, its decision is accorded great deference because the trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases . . . ." (Internal quotation marks omitted.) *Doody* v. *Doody*, 99 Conn. App. 512, 516, 914 A.2d 1058 (2007).

General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes

modification, the court may order . . . any final order for the periodic payment of permanent alimony or support be . . . *altered* or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.) "The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Internal quotation marks omitted.) *Rosier* v. *Rosier*, 103 Conn. App. 338, 341, 928 A.2d 1228, cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

"When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the [General Statutes § 46b-82] criteria, make an order for modification." (Internal quotation marks omitted.) *Gervais* v. *Gervais*, 91 Conn. App. 840, 850–51, 882 A.2d 731, cert. denied, 276 Conn. 919, 888 A.2d 88 (2005).

The court found that the defendant had lost his source of income when the state of Connecticut terminated his employment because he had used the state's telephone service to make more than $6000 worth of international calls.[2] Although the defendant claimed that he was unable to meet his financial obligations, the court found that he was capable of earning at least half of what he had earned before he lost his employment. The court ordered the balance of the defendant's financial obligation to accrue.

The court provided relief under the present circumstances by suspending the defendant's entire financial obligation to the plaintiff pending further order of the court because it was of the opinion that Judge Caruso's dissolution order regarding child support and alimony

---

[2] The defendant reimbursed the state for the cost of the telephone calls.

was a sound one. Moreover, the defendant had not demonstrated to the court that he had made a diligent effort to secure employment. The court ordered him to make a specific search for employment and return to court on April 5, 2006, approximately two weeks after issuing its decision.[3]

As claimed by the defendant, the issue before this court is whether the trial court abused its discretion by ordering half of the dissolution support order to accrue while he was unemployed. The court found that the defendant lost his source of income but failed to make a diligent effort to find new employment and was *capable of earning at least half of his prior income.* The defendant does not claim that these findings are clearly erroneous. Earning capacity may form the basis of an order of support. *Wolf* v. *Wolf,* 39 Conn. App. 162, 169, 664 A.2d 315 (1995). "In appropriate circumstances, the trial court may base its financial orders on earning capacity rather than actual earned income. . . . The ultimate inquiry in determining the income reasonably available to the supporting paying spouse is the earning capacity of the supporting paying spouse. . . . The weight to be given the evidence and the credibility of the witnesses are within the sole province of the trial court, which had the unique opportunity to view the evidence presented in a totality of circumstances." (Citations omitted; internal quotation marks omitted.) *Broderick* v. *Broderick,* 20 Conn. App. 145, 147–48, 565 A.2d 3 (1989).

"While there is no fixed standard for the determination of an individual's earning capacity . . . it is well settled that earning capacity is not an amount which a person can theoretically earn, nor is it confined to actual income, but rather it is an amount which a person can

---

[3] The record does not contain any facts as to whether the defendant returned to court on April 5, 2006.

realistically be expected to earn considering such things as his vocational skills, employability, age and health." (Citation omitted; internal quotation marks omitted.) *Bleuer* v. *Bleuer*, 59 Conn. App. 167, 170, 755 A.2d 946 (2000).

Although the defendant in this case had lost his ability to pay his financial obligations, the court did not improperly fail to relieve him of his obligations entirely. By suspending in part the defendant's financial obligations because he did not have a job, the court provided temporary relief to the defendant and preserved the plaintiff's right to child support and alimony pursuant to the judgment of dissolution. Although the court found that the defendant was able to earn at least half of his former salary, because he had not secured new employment, there was no evidence of his actual earning capacity. The court therefore ordered the defendant to undertake an intensive employment search and to return to court on a date certain so as to ascertain whether he, in fact, had secured employment and to determine how much he was being paid. The defendant may have secured employment that generated an income that was in fact greater than half of his prior income. The court therefore did not abuse its discretion by ordering the suspended portion of the defendant's financial obligations to accrue until further order of the court. Compare *Schade* v. *Schade*, 110 Conn. App. 57, 954 A.2d 846 (2008) (court properly suspended portion of financial obligation and ordered balance to accrue).

B

The defendant claims that the court improperly denied his second motion for modification. We agree.

On August 28, 2006, the defendant filed a motion for modification pursuant to § 46b-86. In the motion, the defendant asserted that there had been a substantial change of circumstances because he had obtained

employment, his older child had reached the age of nineteen and had graduated from high school, and the current order was not based on the child support guidelines and was without explanation. The defendant also requested in the motion that the court "remove [the] accrue language because [of his] inability to pay and [because it is] not supported [by] statute/case law." On September 27, 2006, the parties appeared before the court to argue the motion for modification. The plaintiff objected to the motion on the basis of the appeal filed by the defendant from the court's March 21, 2006 modification order. The court denied the motion on the basis of the pending appeal and without considering the merits of the motion for modification.

"It has long been settled law that the power of the trial court to open or modify its judgment is not affected by the fact that an appeal from that judgment is pending." *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 77, 521 A.2d 599 (1987). "It is well established that a ruling by a trial court regarding financial issues in a marital dissolution case—whether it be a pendente lite ruling, a ruling issued in conjunction with a final dissolution judgment or a decision regarding a postjudgment motion—is a final judgment for purposes of appeal." *Ahneman* v. *Ahneman*, 243 Conn. 471, 479, 706 A.2d 960 (1998). Here, although the court denied the defendant's motion for modification on the basis of the pending appeal, it did so without considering the merits of the motion. Refusing to consider the merits of the motion for modification during the pendency of the appeal "was to foreclose the possibility of relief from the court on those issues, unless and until the resolution of the appeal required further proceedings." Id., 480. In this instance, the defendant may have been denied relief to which he was entitled and denied the opportunity to persuade the court that he was entitled to the relief requested. See id.

For these reasons, we conclude that the court improperly refused to consider the merits of the defendant's second motion for modification. The judgment is reversed and the matter is remanded for further proceedings.

## II

The defendant's third claim is that Judge Caruso modified the judgment of dissolution by signing the qualified domestic relations order prepared by the plaintiff's counsel. We decline to review this claim due to inadequate briefing.

The judgment file dated October 8, 2002, signed by Judge Caruso and certified by counsel for the parties provides in relevant part: "IT IS HEREBY ORDERED, that 50 [percent] of the present value of $112,400 (= $56,200) of [the] Defendant's pension plan be assigned to [the] Plaintiff via [a qualified domestic relations order] prepared by [the] Defendant's counsel. Said transfer shall take place within [thirty] days of the date of the dissolution." In February, 2006, counsel for the plaintiff filed a motion for contempt, claiming that the defendant had failed and refused to transfer to the plaintiff the pension funds ordered pursuant to the judgment of dissolution. On March 2, 2007, following several hearings on the matter, the court signed the qualified domestic relations order, which provided in part: "A. Amount of Benefits: The court hereby orders the plan to pay the alternate payee for the benefit period, as defined below, an amount equal to 50 [percent] of the participant's monthly retirement payment accrued as of October 8, 2002. The participant's monthly benefit as of October 8, 2002 is $2,160.00, subject to a reduction of one quarter of one percent [0.25 percent] for each month the participant retires prior to age 62, or age 60 with 25 or more years." On appeal, the defendant claims that by signing the qualified domestic relations order,

the court modified the terms of the judgment, but he has failed to provide legal analysis as to how or why the qualified domestic relations order is at odds with the dissolution judgment.

"[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failing to brief the issue properly." (Internal quotation marks omitted.) *Turner* v. *American Car Rental, Inc.*, 92 Conn. App. 123, 130, 884 A.2d 7 (2005). "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005). Briefs submitted to this court require rigorous legal analysis. It is not the role of this court to undertake the legal research and analyze the facts in support of a claim or argument when it has not been briefed adequately. For this reason, we decline to review the claim.

The judgment denying the August, 2006 motion for modification is reversed and the case is remanded for further proceedings on that motion. The judgments are affirmed in all other respects.

In this opinion the other judges concurred.