THOMAS, Judge.
This is the second time these parties have been before this court. See Terry v. Terry (No. 2120113, August 30, 2013), — So.3d — (Ala.Civ.App.2013) (table). The relevant facts relating to the previous appeal are as follows. On March 28, 2011, Michelle Terry, also known as Michelle Vandergrift, filed a complaint for a divorce in the Madison Circuit Court (“the trial *914 court”) in which she asserted that she and Joseph Shane Terry had entered into a marriage relationship by virtue of a common-law marriage; she also petitioned for custody of their minor child (“the child”). The trial court entered a default divorce judgment (“the divorce judgment”) on January 13, 2012, divorcing the parties and awarding Michelle, in pertinent part, sole physical custody of the child, $10,000 in monthly periodic alimony, and $1,520 in monthly child support. After the resolution of myriad postjudgment motions, Joseph appealed the divorce judgment to this court on October 30, 2012. We affirmed the divorce judgment in a no-opinion order of affirmance issued on August 30, 2013. Joseph filed a petition for writ of certiorari with our supreme court on September 13, 2013; that petition was denied on December 13, 2013.
On October 31, 2012, the day after filing his first appeal with this court, Joseph filed in the trial court a petition styled as a “petition to modify the final judgment of divorce presently under appeal with the Court of Civil Appeals” (“the modification petition”), in which he asserted, among other things, that a material change in circumstances had occurred that warranted a change in custody and in his child-support and alimony obligations. On March 29, 2013, Michelle filed a motion to dismiss the modification petition for lack of jurisdiction because an appeal of the divorce judgment was pending before this court.[1] The trial court set the modification petition and the motion to dismiss for a hearing. On April 20, 2013, Joseph filed a motion to stay the proceedings, pending the outcome of the appeal before this court, by placing the case on the administrative docket or, in the alternative, a motion for extension of time to file a motion for leave to proceed in this court.
After a hearing on May 9, 2013, at which the trial court heard oral arguments from the parties’ attorneys, the trial court entered an order denying Joseph’s motion for a stay and granting Michelle’s motion to dismiss; the trial court amended its order the same day to include a denial of Michelle’s request for an attorney fee. Joseph filed this appeal on June 20, 2013. In his brief on appeal," Joseph argues that the trial court erred by dismissing the modification action instead of entering a stay of further proceedings or placing the case on the trial court’s administrative docket.
Joseph explains in his brief to this court that it is imperative that the modification action be stayed, instead of dismissed, because, in the event that a modification is granted in the future, relief may be awarded retroactively only to the date of the filing of the applicable petition to modify. See Brown v. Brown, 719 So.2d 228, 232 (Ala.Civ.App.1998), and Hinds v. Hinds, 887 So.2d 267, 273 (Ala.Civ.App.2003). We note that, as a general rule, a trial court loses jurisdiction over a case that is pending on appeal. See Landry v. Landry, 91 So.3d 88, 89 (Ala.Civ.App.2012) (“ ‘ “[Wjhile an appeal is pending, the trial court ‘can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.’ ” ’ ”)(quoting Johnson v. Willis, 893 So.2d 1138, 1141 (Ala.2004), quoting in turn other cases). It appears that Alabama appellate courts have not addressed whether a trial court may consider a petition to modify based on an alleged material change in circumstances while an appeal of the original divorce judgment is pending. However, courts in at least three other states have addressed this issue.
*915 In Halle v. Harper, 869 So.2d 489 (Miss.Ct.App.2004), the Court of Appeals of Mississippi affirmed an order of the trial court modifying visitation while an appeal of the original judgment addressing visitation was pending. Quoting the Mississippi Supreme Court, the Court of Appeals held that “‘[t]he [trial] court may re-examine the question of custody or support at anytime on showing a change of conditions, regardless of the pendency of an appeal. It may, and sometimes does, require many months to determine a case on appeal.’” Id. at 440 (quoting Smith v. Necaise, 357 So.2d 931, 933 (Miss.1978)).
Similarly, in Mundell v. Mundell, 110 Conn.App. 466, 476, 955 A.2d 99, 106 (2008), the Appellate Court of Connecticut reasoned:
“ ‘It has long been settled law that the power of the trial court to open or modify its judgment is not affected by the fact that an appeal from that judgment is pending.’ O’Bymachow v. O’Bymachow, 10 Conn.App. 76, 77, 521 A.2d 599 (1987). ‘It is well established that a ruling by a trial court regarding financial issues in a marital dissolution case— whether it be a pendente lite ruling, a ruling issued in conjunction with a final dissolution judgment or a decision regarding a postjudgment motion — is a final judgment for purposes of appeal.’ Ahneman v. Ahneman, 243 Conn. 471, 479, 706 A.2d 960 (1998). Here, although the court denied the defendant’s motion for modification on the basis of the pending appeal, it did so without considering the merits of the motion. Refusing to consider the merits of the motion for modification during the pen-dency of the appeal ‘was to foreclose the possibility of relief from the court on those issues, unless and until the resolution of the appeal required further proceedings.’ Id., at 480, 706 A.2d 960. In this instance, the defendant may have been denied relief to which he was entitled and denied the opportunity to persuade the court that he was entitled to the relief requested. See id.”
The Court of Appeals of Massachusetts has also addressed this issue. In Braun v. Braun, 68 Mass.App.Ct. 846, 850, 865 N.E.2d 814, 817-18 (2007), the former wife appealed from the divorce judgment and then petitioned the trial court to modify the divorce judgment while her appeal was pending. The trial court, finding that there had been a material change in circumstances, granted, in part, the requested modification. 68 Mass.App.Ct. at 850-51, 865 N.E.2d at 818. The former husband, citing Massachusetts caselaw, argued that, because the former wife had not sought permission from the appellate court to file the modification petition, the trial court had lacked jurisdiction to modify the divorce judgment. 68 Mass.App.Ct. at 852, 865 N.E.2d at 819.
The Court of Appeals of Massachusetts held that
“[t]he rule relied on by the [former] husband, however, relates only to motions to rehear or vacate the judgment, and does not apply to collateral or new proceedings which are separate, but not entirely divorced, from the underlying judgment. Farnum v. Mesiti Dev., 68 Mass.App.Ct. [419] at 423, 862 N.E.2d 425 [ (2007]). Even though a modification action may have an effect on a divorce judgment, it may be characterized as a new proceeding, cf. Stanton-Abbott v. Stanton-Abbott, 372 Mass. 814, 816, 363 N.E.2d 1311 (1977), generally arising out of new facts materially and substantially different from those found in the divorce proceeding. See Brooks v. Piela, 61 Mass.App.Ct. 731, 734, 814 N.E.2d 365 (2004); Kelley v. Kelley, 64 Mass.App.Ct. 733, 739, 835 N.E.2d 315 (2005). Modification is sanctioned by statute, see G.L. c. 208, §§ 37 (alimony), *916 28 (child support and custody), and its timing is not limited — indeed, there may be emergency or other situations when modification may be necessary without time for obtaining approval from an appellate court.”
68 Mass.App.Ct. at 852-53, 865 N.E.2d at 819-20 (footnote omitted).
We hold that a petition to modify a divorce judgment based on a material change in circumstances is a “collateral or new proceeding! ] which [is] separate, but not entirely divorced, from the underlying judgment.” Braun, 68 Mass.App.Ct. at 852, 865 N.E.2d at 819. However, we strongly agree with the Mississippi Court of Appeals that
“[t]his is not to say that [trial judges] should freely or frequently consider [petitions] for modifications of their domestic case decrees after they have been appealed. Reconsideration of judgments then on appeal is improper. Addressing potentially legitimate pleas of material changes in circumstances beyond what is shown in the record on appeal, may occasionally be necessary.”
Halle, 869 So.2d at 440.
Moreover, because, “ ‘ “while an appeal is pending, the trial court ‘can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court,’ ” ’ ” Landry, 91 So.3d at 89, a party seeking a modification of a divorce judgment should take care to notify the trial court that the petition to modify “aris[es] out of new facts materially and substantially different from those found in the divorce proceeding.” Braun, 68 Mass.App.Ct. at 852, 865 N.E.2d at 819.
We have reviewed Joseph’s modification petition. It appears that the modification petition was filed as a new action; the State Judicial Information System case-action-summary sheet indicates that a filing fee was paid, and the modification petition was assigned trial-court case number DR-11-381.02.[2] Although it appears that the purpose of the modification petition, in large part, is to argue the issues raised in Joseph’s previous appeal of the divorce judgment, which the trial court may not consider, the modification petition does reference a material change in Joseph’s circumstances. To be clear, we make no determination regarding the sufficiency of the pleading or the merits of Joseph’s modification petition. However, assuming, without deciding, that Joseph’s modification petition based on an alleged material change in circumstances was sufficiently pleaded, we conclude that the previous appeal of the divorce judgment, which was still pending when Joseph filed the modification petition, does not preclude the trial court from considering whether a modification of custody, child support, or alimony is warranted.
Based on the foregoing, we reverse the judgment of the trial court insofar as it dismissed the modification action for lack of jurisdiction and remand this cause for the trial court to conduct proceedings consistent with this opinion.
The appellant’s and the appellee’s requests for attorney fees on appeal are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P. J„ and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. It appears from the record that there was a delay in service of process on Michelle.

. Our research reveals that the previous appeal was taken from trial-court case numbers DR-11-381 and DR-11-381.01.