PITTMAN, Judge.
Sherri Senn Wiggins (“the mother”) appeals from a judgment of the Barbour Circuit .Court (“the trial court”), modifying the custody rights of the mother and Ronnie D. Wiggins (“the father”). We dismiss the appeal as being from a nonfinal judgment.
This is the second time these parties have been before this court. In Wiggins v. Wiggins (No. 2121102, September 5, 2014) — So.3d —— (Ala.Civ.App.2014) (table), this court affirmed, without an opinion,, the trial court’s judgment divorcing the mother and the father and incorporating the terms of a postnuptial agreement between the parties. This-court issued its certificate of judgment on November 14, 2014.
The divorce judgment -is not included in the appellate record. 'The record, however, does, cpntain a copy of the postnuptial agreement. That, agreement provides that, in the event of a divorce, -the mother *486 and the father were to “have joint physical and legal custody of their minor children” and that the children were to be in the father’s custody “up to thirteen weeks out of the year and up to twenty-six weekends out of the year.” The agreement also contains additional provisions governing custody during holidays and other specified occasions.
In August 2013, the father filed a separate action, in which he requested the trial court to hold the mother in contempt of court for allegedly violating the terms of the divorce judgment. Specifically, the father asserted that the mother had interfered with the father’s custody rights, had prevented the father from communicating with the children while they were in the mother’s custody, had allowed unrelated men to spend the night with the mother while she had custody of the children, had enrolled the children in extracurricular activities without the father’s consent, and had failed to provide the children with a safe and clean environment in which to live.
The father also alleged that, since the parties had been divorced, the mother had “refused to cooperate with [the father] or [to] consult with him with regard to decisions that relate to the minor children’s health, welfare and maintenance.” Accordingly, the father requested the trial court to “change custody of [the children] to joint custody with primary physical custody being held by [the father].”
On September 17, 2013, the trial court entered an order directing the parties to submit to drug testing within 48 hours of the entry of that order. The father later filed a motion alleging that the mother was in contempt of court for violating that order. In addition, the father’s motion also alleged that the mother had caused the children to be absent, from school, thus, he said, demonstrating “a continued deterioration of the quality of the parenting judgment exercised by [the mother].” Accordingly, the father again requested the trial court to enter an order awarding the father “primary” physical custody of the children.
The mother filed an answer and a counterclaim. In her counterclaim, the mother requested the trial court to enter an order awarding the mother child support, allowing her to claim the children as dependents for state and federal income-tax purposes, and specifying the mother’s and the father’s responsibilities with’respect to the children’s medical expenses and other expenses that are not satisfied by insurance benefits.
After hearing testimony óre tenus, the trial court entered a judgment stating that there had been “a material change of circumstances that warrants a Change of custody.”[1] The trial court stated in its judgment that the mother and the father would “continue to share joint legal custody” of the children but that the father would be “granted primary physical custody.” Although the trial court stated that it was granting “primary” physical custody to the father, the court awarded the moth *487 er “visitation” rights with respect to the children for two weeks of every month of the year. In other words, notwithstanding the award of “primary” physical custody to the father, the children are to spend.approximately half of their time with the mother.
The trial court also stated in its judgment that “the child support guidelines, as set out in Rule 32, Alabama Rules of Judicial Administration, have not been followed and applied” and that the mother would not be obligated to pay child support to the father. The trial court, however, did not expressly rule on the mother’s counterclaim, which, among other things, had requested a ruling that the mother could claim the children as dependents for income-tax purposes. The trial court also did not rule on the father’s contempt allegations.
Unless there has been a final judgment, an appellate court does not have jurisdiction to consider an appeal. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). “A final judgment that will support an appeal is one that puts- an end to the proceedings between the parties to a case and leaves nothing for further adjudication.” Id.
We cannot conclude that the trial court’s award to the father of what the trial court described as “primary physical custody” effectively denied all the claims for relief asserted in the mother’s counterclaim. This court has held that a failure of an order to specify “who would claim the child as a dependent for income-tax purposes,” when that issue has been raised in the parties’ pleadings, renders the order nonfinal. Faulk v. Berry, 984 So.2d 426, 427 (Ala.Civ.App.2007). Thus, regardless of whether the trial court’s rulings in favor of the father on the matter of custody, and in favor of the mother on the matter of child support, might amount to an implicit adjudication of some other issues raised by the mother in her counterclaim, the mother’s counterclaim, which also requested a ruling allowing her to claim the children as dependents for tax purposes, has not been completely resolved. In addition, as noted, the trial court failed to rule on the father’s contempt, allegations. Because “[a] nonfinal judgment will not support an appeal,” this court must dismiss, the mother’s appeal. Perry v. Perry, 92 So.3d 799, 801 (Ala.Civ.App.2012).
The mother’s request for an award of attorney’s fees on appeal'is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Although the mother’s appeal from the original divorce and custody judgment was still pending, the trial court in the instant case had jurisdiction to consider whether that judgment should be modified based on- a material change in circumstances. See Terry v. Terry, 157 So.3d 913, 916 (Ala.Civ.App.2014)(hold-ing that, while appellate review of a divorce and custody judgment was pending, a trial court in a separate action- had jurisdiction to consider a petition to modify the judgment, stating: “[A] petition to modify a divorce judgment based on a material change in circumstances is a, ‘collateral or new proceeding[] which [is] separate, but not entirely divorced, from the underlying judgment.’ ” (quoting Braun v. Braun, 68 Mass App.Ct. 846, 852, 865 N.E.2d 814, 819 (2007))).