******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

MOLL, J., with whom ALEXANDER, J., joins, concurring in part and dissenting in part. Although I agree with the majority's conclusions in part I of its opinion that (1) the trial court's denial of the motion to discharge the notice of lis pendens filed by the defendant Number Six, LLC (Number Six), is a final judgment for appeal purposes and (2) the trial court improperly denied the motion to discharge solely on the basis of the discretionary stay, I write separately because I respectfully disagree with the reasoning underpinning the majority's conclusions. I conclude that (1) the trial court's pro forma denial of the motion to discharge, predicated solely on the procedural ground that the discretionary stay was in effect, is a final judgment for appeal purposes pursuant to General Statutes § 52-325c (a) *only* when, in accordance with the rationale of *Ahneman* v. *Ahneman*, 243 Conn. 471, 706 A.2d 960 (1998), the decision is construed properly as the functional equivalent of a denial of the motion on the merits under General Statutes § 52-325b (b) (1); and (2) the court improperly relied on the stay to deny the motion to discharge because, as a matter of law, the motion is not subject to the stay. Accordingly, I would reverse the court's denial of the motion to discharge and order the court on remand, irrespective of the discretionary stay, to hold a prompt hearing and to adjudicate the merits of Number Six's probable cause claim raised in the motion in accordance with General Statutes §§ 52-325a and 52-325b. In addition, because I conclude that, as a matter of law, the motion to discharge is not subject to the discretionary stay, I further conclude that there is no practical relief that can be afforded to Number Six as to the denial of its motion to terminate stay. Rather than reversing the denial of the motion to terminate stay, as the majority, in effect, does in part II of its opinion, I would dismiss the portion of this appeal taken from that decision as moot. Accordingly, I concur in part and respectfully dissent in part.[1]

I

With respect to Number Six's claims concerning the trial court's denial of the motion to discharge, I agree with the majority that (1) the denial of the motion is a final judgment for appeal purposes and (2) the court improperly invoked the stay to deny the motion without a hearing and without reaching the merits of Number Six's probable cause claim pursuant to §§ 52-325a and 52-325b. As I will more fully explain, however, the majority and I take divergent paths to reach these conclusions.

A

I first turn to the threshold legal question of whether

the denial of the motion to discharge constitutes a final judgment for appeal purposes. As the majority recognizes, there is no dispute that the denial of the motion to discharge is an interlocutory ruling. I agree with the majority that, pursuant to § 52-325c (a), the denial of the motion to discharge is subject to immediate appellate review. Unlike the majority, however, I conclude that this determination hinges on an application of the reasoning of *Ahneman* v. *Ahneman*, supra, 243 Conn. 471, to construe the pro forma denial of the motion to discharge as the functional equivalent of a denial of the motion on the merits under § 52-325b (b) (1).

In light of the plain and unambiguous language of §§ 52-325a, 52-325b, and 52-325c, as recited in part I A of the majority opinion, I conclude that, facially, the denial of the motion to discharge in the present case is outside of the purview of § 52-325c (a) because it is not an "order entered as provided in subsection (b) of section 52-325b . . . ." General Statutes § 52-325c (a). Read together, § 52-325b (a) and (b) contemplate the court's conducting a hearing and making certain probable cause determinations in connection with issuing an order pursuant to § 52-325b (b). In the present matter, the court did not hold the statutorily required hearing or make any probable cause findings in connection with denying the motion to discharge. In addition, the court's denial of the motion to discharge rested solely on the discretionary stay, which is a procedural ground wholly absent from § 52-325b (b).

I do not agree with the majority's determination that construing the relevant statutes to mandate a hearing and probable cause findings in order for the denial of the motion to discharge to constitute a final judgment for appeal purposes leads to bizarre and unworkable results. Indeed, as our Supreme Court has recognized, the statutory scheme of which §§ 52-325a, 52-325b, and 52-325c are a part is limited in the breadth of appeals that it authorizes. See *Dunham* v. *Dunham*, 217 Conn. 24, 39, 584 A.2d 445 (1991) (concluding that orders entered pursuant to General Statutes § 52-325d,[2] in contrast to orders entered pursuant to § 52-325b, are not final judgments), overruled on other grounds by *Santopietro* v. *New Haven*, 239 Conn. 207, 682 A.2d 106 (1996). In my view, reading the plain and unambiguous language of the statutes at issue to authorize appeals only from orders that strictly comport with § 52-325b (b) advances, rather than contravenes, the intent of the legislature. See General Statutes § 1-2z.

My inquiry, however, does not end here. Although I conclude that the denial of the motion to discharge, on its face, is not a final judgment for appeal purposes pursuant to § 52-325c (a), our Supreme Court's reasoning in *Ahneman* v. *Ahneman*, supra, 243 Conn. 471, persuades me to determine that the court's decision, only when properly construed as the functional equiva-

lent of a denial of the motion on the merits pursuant to § 52-325b (b) (1), is subject to immediate appellate review under § 52-325c (a).

In *Ahneman*, a marital dissolution action, the defendant appealed from the granting of a postjudgment motion filed by the plaintiff seeking modification of the defendant's unallocated alimony and child support obligation. Id., 474. Around the time that she had filed the appeal, the defendant filed several postjudgment motions concerning both financial and nonfinancial issues. Id., 474–75. The trial court agreed to adjudicate the defendant's motions relating to nonfinancial issues, but it refused to consider her motions concerning financial issues. Id., 476. Specifically, during a hearing, the court stated in relevant part: "I will not hear anything on monetary aspects because I think the law of the case was established as a result of [an] earlier hearing. It's now on appeal." (Internal quotation marks omitted.) Id., 477 n.7. The defendant amended her appeal to contest the court's refusal to consider her motions concerning financial issues. Id., 477. This court subsequently dismissed the amended appeal for lack of a final judgment. See id., 477 and n.10.

After granting certification to appeal, our Supreme Court concluded that the trial court's refusal to consider the defendant's motions on financial issues constituted a final judgment for appeal purposes. See id., 478–79. The court observed that, "if the trial court formally had denied the defendant's motions concerning financial issues, that decision would have constituted a final judgment." Id., 480. The court continued: "The trial court's decision not to consider the defendant's motions was the functional equivalent of a denial of those motions. Like a formal denial, the effect of the court's decision refusing to consider the defendant's motions during the pendency of the appeal was to foreclose the possibility of relief from the court on those issues, unless and until the resolution of the appeal required further proceedings. Indeed, the refusal to consider a motion is more deserving of appellate review than a formal denial, because the defendant not only has been denied relief; she has been denied the opportunity even to persuade the trial court that she is entitled to that relief. Moreover, at least with respect to a legitimate motion to modify financial aspects of a dissolution judgment, there is an unacceptable possibility that any harm suffered as a result of the court's refusal to consider the motion will never be remediable. The original motion in this case was engendered by a change in the factual circumstances, and further changes may again have occurred by the time the court finally considers the defendant's motions after the appeal is decided." Id.

I consider our Supreme Court's reasoning in *Ahneman* to be applicable to the narrow circumstances of the present action. Initially, I acknowledge that, unlike

in *Ahneman*, the trial court in the present action issued an order denying the motion to discharge. As the court subsequently articulated, however, the denial was pro forma; in substance, the court refused to act on the motion to discharge in accordance with §§ 52-325a and 52-325b—that is, by holding a prompt hearing and adjudicating the merits of the motion—because of the discretionary stay. Thus, I treat the court's pro forma denial of the motion to discharge as a refusal to decide the motion under §§ 52-325a and 52-325b and, in turn, pursuant to the rationale of *Ahneman*, as the functional equivalent of a denial of the motion on the merits under § 52-325b (b) (1). See *Mundell* v. *Mundell*, 110 Conn. App. 466, 476–77, 955 A.2d 99 (2008) (citing *Ahneman* in construing denial of motion for modification of child support and alimony obligations as refusal to consider merits of motion when sole basis of denial was pendency of appeal taken from decision on prior motion for modification). As in *Ahneman*, had the court in the present action held the statutorily required hearing and denied the motion to discharge pursuant to § 52-325b (b) (1), that decision would have been a final judgment for appeal purposes. See General Statutes § 52-325c (a). In addition, as in *Ahneman*, the refusal by the court in the present action to proceed on the motion to discharge pending the discretionary stay "foreclose[d] the possibility of relief from the court" on the motion, unless and until the stay was lifted, and denied Number Six the "opportunity even to persuade the trial court that [it] was entitled" to the relief that it sought. *Ahneman* v. *Ahneman*, supra, 243 Conn. 480. I recognize, as the plaintiff, Fairlake Capital, LLC, notes in its supplemental memorandum, that the sui generis concerns associated with a motion to modify a dissolution judgment highlighted in *Ahneman* are not present in this case. See id. Nevertheless, as the majority correctly explains in part I B of its opinion, Number Six is entitled to a prompt hearing on the motion to discharge and, from my perspective, is subject to interference with the alienability of its property so long as no additional action is taken on the motion.

In sum, guided by our Supreme Court's reasoning in *Ahneman*,[3] I conclude that the pro forma denial of the motion to discharge is the functional equivalent of a denial of the motion on the merits pursuant to § 52-325b (b) (1) and, thus, constitutes a final judgment for appeal purposes under § 52-325c (a).

B

Having concluded that the denial of the motion to discharge constitutes a final judgment for appeal purposes, I next consider Number Six's claim that the court improperly denied the motion to discharge on the basis of the discretionary stay. Like the majority, I conclude that the court committed error in relying on the discretionary stay to deny the motion to discharge without a

hearing and without considering the merits of Number Six's probable cause claim in accordance with §§ 52-325a and 52-325b. I respectfully disagree with the majority's analysis, however, insofar as the majority frames the issue as one implicating the court's discretion to terminate or to maintain the stay. In my view, the preliminary, and dispositive, issue is whether, in light of our Supreme Court's decisions in *Kukanskis* v. *Griffith*, 180 Conn. 501, 430 A.2d 21 (1980), and *Williams* v. *Bartlett*, 189 Conn. 471, 475, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983), the motion to discharge is subject to the discretionary stay as a matter of law. I conclude that it is not, and, therefore, the discretionary stay had no bearing on the court's ability to hear and to adjudicate the motion to discharge.

I begin by setting forth the applicable standard of review. The inquiry here is not whether the court abused its discretion by failing to terminate the discretionary stay vis-à-vis the motion to discharge but, instead, whether the court committed error in failing to act on the motion to discharge in accordance with §§ 52-325a and 52-325b on the basis of its determination that the stay encompassed the motion to discharge, which presents a question of law subject to plenary review. See *Coleman* v. *Bembridge*, 207 Conn. App. 28, 34, 263 A.3d 403 (2021) ("[i]t is axiomatic that a matter of law is entitled to plenary review on appeal" (internal quotation marks omitted)).

Part I B of the majority opinion thoroughly summarizes the historical background underlying the statutory scheme governing notices of lis pendens, as well as our Supreme Court's decisions in *Kukanskis* and *Williams*. As the majority recognizes, pursuant to *Kukanskis* and *Williams*, (1) Number Six's constitutional right to procedural due process entitles it to a hearing on the motion to discharge, with such hearing being held "at a meaningful time and in a meaningful manner" (internal quotation marks omitted); *Williams* v. *Bartlett*, supra, 189 Conn. 478; *Kukanskis* v. *Griffith*, supra, 180 Conn. 510; and (2) the hearing contemplated by §§ 52-325a and 52-325b must be "prompt . . . ." *Williams* v. *Bartlett*, supra, 480. In contrast to the majority, however, I apply the principles drawn from *Kukanskis* and *Williams* to conclude that, as a matter of law, the motion to discharge is not subject to the discretionary stay. In other words, the discretionary stay does not function to preclude the court from hearing the motion to discharge and adjudicating the merits of Number Six's probable cause claim in accordance with §§ 52-325a and 52-325b, such that no order terminating the stay for that purpose is necessary. This conclusion, I posit, protects Number Six's aforementioned constitutional and statutory hearing rights. Moreover, like the majority, I expressly limit my analysis to the facts of this case, and I do not believe that my analysis would undermine a trial court's broad

authority to impose a discretionary stay.

In sum, I conclude that the motion to discharge is not subject to the discretionary stay, and, therefore, the court improperly relied on the stay to deny the motion on procedural grounds. Accordingly, I would reverse the denial of the motion to discharge and direct the court on remand, without regard to the discretionary stay, to act in accordance with §§ 52-325a and 52-325b by conducting a prompt hearing on the motion and adjudicating the merits of the motion insofar as Number Six claims that there is no probable cause sustaining the validity of the plaintiff's claims.[4]

## II

Number Six also claims that the trial court improperly denied the motion to terminate stay. In part II of the majority opinion, the majority concludes that the court improperly denied the motion to terminate stay. In light of my conclusion in part I B of this concurring and dissenting opinion that the court committed error in denying the motion to discharge because, as a matter of law, the motion to discharge is not subject to the discretionary stay, I conclude that there is no practical relief that may be afforded to Number Six as to the denial of the motion to terminate stay. Therefore, rather than reversing the denial of the motion to terminate stay, I would dismiss the remaining portion of this appeal challenging that decision as moot.[5]

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Aldin Associates Ltd. Partnership* v. *State*, 209 Conn. App. 741, 753, 269 A.3d 790 (2022).

In the motion to terminate stay, Number Six did not seek to terminate the discretionary stay in toto; rather, it moved to terminate the stay solely to permit it to file and to prosecute a motion to discharge the notice of lis pendens. As I previously explained in part I B of this concurring and dissenting opinion, the discretionary stay should not have affected the adjudication of the motion to discharge as a matter of law, and, consequently, it was unnecessary for Number Six to file the motion to terminate stay. Under my analysis in part I

B of this concurring and dissenting opinion, Number Six would receive the relief that it seeks vis-à-vis the motion to terminate stay, namely, the ability to pursue the motion to discharge. Accordingly, I conclude that reviewing the merits of the denial of the motion to terminate stay would afford no practical relief to Number Six, and, therefore, the remaining portion of this appeal taken from that decision is moot.[6]

In sum, I would (1) reverse the judgment only as to the denial of the motion to discharge and remand the case with direction that the trial court, without taking action as to the discretionary stay, hold a prompt hearing and adjudicate the merits of the motion as to Number Six's probable cause claim in accordance with §§ 52-325a and 52-325b, and (2) dismiss the remainder of the appeal taken from the portion of the judgment denying the motion to terminate stay as moot.

Accordingly, I concur in part I of the majority opinion, and I respectfully dissent from part II of the majority opinion.

[1] The majority opinion aptly sets forth the facts and procedural history of this matter, and, therefore, I do not restate them here.

[2] General Statutes § 52-325d provides: "In any action in which (1) a notice of lis pendens was recorded which is not intended to affect real property, or (2) the recorded notice does not contain the information required by subsection (a) of section 52-325 or section 46b-80, as the case may be, or (3) service of process or service of the certified copy of the notice of lis pendens was not made in accordance with statutory requirements, or (4) when, for any other reason, the recorded notice of lis pendens never became effective or has become of no effect, any interested party may file a motion requesting the court to discharge the recorded notice of lis pendens. If the court finds that such notice never became effective or has become of no effect, it shall issue its order declaring that such notice of lis pendens is invalid and discharged, and that the same does not constitute constructive notice. A certified copy of such order may be recorded in the land records of the town in which the notice of lis pendens was recorded."

[3] I emphasize that my application of *Ahneman* in the present appeal is limited. The court's refusal to proceed on the motion to discharge denied Number Six a prompt hearing afforded to it by statute and a decision on the merits of the motion to discharge, from which an immediate appeal could have been taken pursuant to § 52-325c (a). In other words, I do not construe *Ahneman* as enabling this court to provide immediate appellate review of every interlocutory order declining to consider the merits of a motion.

[4] I agree with the majority that (1) the court's denial of the motion to discharge as to Number Six's claim that the notice of lis pendens is defective is not properly before this court on appeal, but (2) in the interests of judicial economy, it would be prudent for the trial court on remand to consider Number Six's defective notice claim in addition to its probable cause claim.

[5] Because I would dismiss the portion of this appeal taken from the denial of the motion to terminate stay as moot, it is unnecessary to address whether the denial of the motion constitutes a final judgment for appeal purposes. See *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 85 n.3, 172 A.3d 1263 (2017) (declining to address finality of judgment question when appeal dismissed on mootness grounds).

[6] In its supplemental memorandum, Number Six concedes that its claim as to the denial of the motion to terminate stay is rendered moot "if this court exercises its jurisdiction to address the merits of the trial court's denial of the motion to discharge and remands this matter for a prompt hearing on the motion . . . ."